**In re Anonymous No. 34 D.B. 81**

Disciplinary Board Docket no. 15 D.B. 80.

June 29, 1982 — Hearing Committee [   ] of the Disciplinary Board of the Supreme Court of Pennsylvania respectfully submits the following proposed findings of fact and conclusions of law in the above-captioned matter.

1. Petitioner, whose principal office is situated at 100 Pine Street, Harrisburg, Pa., has the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings.

2. Respondent [   ] is an attorney admitted to practice law in the Commonwealth of Pennsylvania. His office is located at [   ].

3. On June 11, 1981, a petition for discipline was filed by the Office of Disciplinary Counsel against respondent [   ].

4. Said petition for discipline alleged that respondent violated D.R. 7-104(A)(1) prohibiting an attorney while representing a client from communicating on the subject of the representation with a party he knows to be represented by a lawyer unless he has the prior consent of the lawyer representing such other party.

5. On September 17, 1981, a hearing in this matter was held before hearing committee [   ] of the Disciplinary Board at [   ].

6. In July of 1980, respondent represented plaintiff in a case captioned [A] v. [B], no. [   ] September

Term, 1976 then pending in the Court of Common Pleas of [    ] County ("[A] case"). This case involved a claim for money damages for personal injuries and property damage arising out of a multi vehicle collision.

7. [C] Insurance Exchange ([    ]) insured defendant [B] at the time of and for the accident which was the subject of the [A] case.

8. The law firm of [D] entered its appearance in the Court of Common Pleas of [    ] County on behalf of defendant [B].

9. At all times relevant to this matter either [E] or [F], both attorneys in the firm of [D] performed the actual legal services in representing the interests of defendant [B] in the [A] case.

10. The trial of the [A] case was scheduled to commence on or about Monday, July 21, 1980.

11. A pretrial settlement conference with the court was attended by [E] as counsel for defendant [B]. [F], another attorney in the same firm as [E] did not attend that conference. During the conference settlement was discussed, but the matter was not settled.

12. On July 18, 1980, respondent telephoned [C] and spoke with [G]. Respondent attempted to speak with [H], Claims Manager, but since he was not in town the call was referred to [G]. Respondent identified himself as plaintiff's counsel in the [A] case and sought to discuss the case. Since he did not have the file, [G] told respondent that he would locate it, look into it, and call him back.

13. Later in the day on July 118, 1980 [G] placed a call to respondent. He told respondent that the case was being handled by [C's] Allentown branch office, and advised him to call [I] in that office.

14. Respondent telephoned [I] and indicated to him that he was plaintiff's counsel in the [A] case

and that it was about to go to trial and he wanted to discuss settlement possibilities. [I] advised respondent that he did not have the file and that he would locate it, look it over and call him back. [I] also indicated that he would confer with [C's] defense counsel and then call respondent back.

15. [I] never returned respondent's call and had no further contact with respondent.

16. [C] Insurance Company was not a named defendant in the [A] case.

17. [E] never told respondent that he did not want him to speak directly to [C].

## CONCLUSIONS OF LAW

1. It is undisputed that the applicable Disciplinary Rule in this matter is D.R. 7-104(A)(1) which provides in pertinent part:

(A) during the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

2. [C] was not a party to the [A] case, and therefore D.R. 7-104(A)(1), if read strictly, was not violated because respondent did not "communicate . . .'with a party he knows to be represented by a lawyer . . ."

3. If the word "party" in D.R. 7-104(A)(1) is given a reading to include people of "adverse interest" it may arguably include an insurance carrier such as [C] when not named as a defendant. Not even this broader reading, however, supports a finding of violation of D.R. 7-104(A)(1).

4. The hearing record does not establish by anything approaching a preponderance of the evidence that prior to his contacts with [C] either of defendant's counsel directed respondent not to contact [C] directly. The only direction to respondent not to contact the carrier came after respondent already had contacted [C], and from the time he received that direction respondent never contacted [C] again.

5. At all times during his contacts with [C] respondent clearly indentified himself and his purpose. The [C] representative never told him they would not discuss the matter. Both Messers. [G and I] testified they told respondent they would call him when they located the file.

6. Expert testimony established the clear and accepted pattern of very experienced trial counsel to contact carriers directly regarding litigation.

7. Respondent testified that one of plaintiff's attorneys ([E]) in the [A] case told him that while he did not think it would be helpful to contact [C] he could give it a try. [E] testified that he never said to respondent that he did not want him to speak to the carrier. He did, however, say the topic "never came up." So at best it is a disputed point with no compelling evidence to support either side.

8. Because of the variety of interpretations of D.R. 7-104(A)(1), two of which are discussed earlier herein, and the absence of a preponderance of the evidence, the committee concludes the Disciplinary Board failed to meet its burden of proof and the complaint against respondent should be dismissed.

Hearing Committee.

[    ]                    [    ]
[    ]                    [    ]
                         [    ]
                         [    ]

## ORDER OF THE DISCIPLINARY BOARD

JOHNSON, *Chairman,* And now, this June 29, 1982, the report and recommendation of hearing committee [ ] dated April 28, 1982, finding that no violation had been established and that the petition for discipline be dismissed is accepted; and it is ordered and decreed that the charges against [respondent] be dismissed.